UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DONALD H. BEESON, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-00136-TSH<br><br>**ORDER DENYING MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 19 |

## I.　INTRODUCTION

Plaintiff Orlando Garcia seeks leave to serve Defendant Donald H. Beeson by publication. ECF No. 19. No opposition has been received. The Court finds this matter suitable for disposition without oral argument. *See* Civ. L.R. 7-1(b). Having considered Garcia's request, relevant legal authority, and the record in this case, the Court **DENIES** his motion for the following reasons.

## II.　BACKGROUND

Garcia is a California resident with physical disabilities who requires a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. In December 2021 he went to Lavanderia Express, located at 2865 Middlefield Road., Redwood City, California. *Id.* ¶¶ 2, 10. Beeson, in individual and representative capacity as trustee of The Beeson Trust Agreement dated April 12, 2011, owns the property. *Id.* ¶¶ 2-4. On the date of his visit, Garcia found Lavanderia Express did not have wheelchair accessible paths of travel, restrooms, and door hardware. *Id.* ¶¶ 12-24. Garcia filed this case on January 10, 2022, seeking injunctive relief under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and statutory damages under the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. Compl. at 8-9.

On May 16, 2022, Garcia filed this motion for service by publication, stating that his counsel searched business and property records and then attempted service at the following addresses:

- 786 Douglas Ave, Redwood City, CA 94063-3514
- 1259 Payne Dr, Los Altos, CA 94024
- 224 Warwick St, Redwood City, CA 94062
- 3173 Greer Rd, Palo Alto, CA 94303-

Price Decl. ¶¶ 4-9, ECF No. 19-2; *id.*, Ex. 2, ECF No. 19-3. Garcia's counsel also mailed a notice of acknowledgement and receipt to the following addresses:

- 3173 Greer Rd, Palo Alto, CA 94303-
- PO Box 60458, Palo Alto, CA 94306-0458

*Id.* ¶¶ 10-11 & Ex. 3, ECF No. 19-4. Counsel also electronically mailed notices to the following email addresses: dhbeeson@sbcglobal.net; dbeeson1@cox.net; and don.beeson@email.msn.com. *Id.* ¶¶ 12-13 & Ex. 4, ECF No. 19-5.

As none of these service attempts were successful, Garcia seeks to serve Beeson by publication in the San Jose Mercury News, located at 4 N. 2nd Street, Suite 800, San Jose, CA 95113.

## I.     LEGAL STANDARD

Service upon an individual defendant in a judicial district of the United States may be effected pursuant to the state law where the district court is located or where service is made. Fed. R. Civ. P. 4(e)(1). Under California law, service by publication is permissible when:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either:
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

Cal. Civ. Proc. Code § 415.50(a). The key inquiry is whether a defendant cannot with "reasonable diligence" be served by another available method. *Felix v. Anderson*, 2015 WL 545483, at *2 (N.D. Cal. Feb. 9, 2015).

To determine whether a plaintiff has exercised reasonable diligence, a court must examine the affidavit to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978). Reasonable diligence "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (citation omitted). Before allowing a plaintiff to resort to service by publication, the courts must require him to show "exhaustive" attempts to locate the defendant. *Id.* (citations omitted).

Because of due process concerns, service by publication should be allowed only "as a last resort." *Donel*, 87 Cal. App. 3d at 333. That a plaintiff has taken one or a few reasonable steps does not necessarily mean that "all myriad of other avenues" have been properly exhausted to warrant service by publication. *Id.* But a plaintiff will generally satisfy his burden through "[a] number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessor's office, near the defendant's last known location[.]" *Kott v. Superior Ct.*, 45 Cal. App. 4th 1126, 1137 (1996). "These are likely sources of information, and consequently must be searched before resorting to service by publication." *Id.*

## II.   DISCUSSION

Although Garcia has shown more than a cursory effort, the Court finds he has not established reasonable diligence in his attempts to serve Beeson. First, although Garcia states Lavanderia Express is located at 2865 Middlefield Road in Redwood City, and that Beeson owns the property, there is no indication he attempted service there, personal or otherwise. If Beeson owns the property, it seems reasonable to attempt service there and learn of his whereabouts by asking employees and others present. *See Garcia v. Saffarian*, 2022 WL 634435, at *2 (N.D. Cal. Mar. 4, 2022) (denying Garcia's request for service by publication where he did not attempt service at property owned by defendant); *Garcia v. Clement-Rorick*, 2022 WL 137630, at *2 (N.D. Cal. Jan. 14, 2022) (denying Garcia's motion for service by publication where he had not shown

3

any attempt to serve defendant at the property at issue, which defendant owned).

Second, there is no indication that Garcia, either with or without professional assistance, has sought out, let alone consulted, any other "likely sources of information" that "must be searched before resorting to service by publication," including Beeson's "relatives, friends, . . . acquaintances, or . . . employer." *Kott v. Superior Court*, 45 Cal. App. 4th 1126, 1137 (1996); *see also Castillo-Antonio v. Azurdia*, 2014 WL 7206609, at *4 (N.D. Cal. Dec. 18, 2014) (noting "hiring a private investigator is one of the measures a plaintiff should take before requesting service by publication"); *Saffarian*, 2022 WL 634435, at *2 (same).

Finally, it is generally recognized that service by publication rarely results in actual notice. *Watts*, 10 Cal. 4th at 749 n.5. Thus, the Court will not permit service by such means unless Garcia satisfies his burden of showing exhaustive attempts to locate and serve Beeson. *Id.*

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Garcia's motion without prejudice and **EXTENDS** the service deadline to July 5, 2022.

**IT IS SO ORDERED.**

Dated: June 6, 2022

THOMAS S. HIXSON
United States Magistrate Judge